W. C. SPRUANCE, J.

WM. H. BOYCE, J.

</div>

———•———

STATE *vs.* LEWIS JOHNS.

*Criminal Law—Murder—Malice—Character Testimony.*

1.   The different degrees of murder defined.

2.   Malice defined.

3.   All homicides with a deadly weapon are presumed to be malicious until the contrary appears from the evidence, and the burden of proof to the contrary lies on the accused, as the natural and probable consequences of the act are presumed by law to have been intended by the person using a deadly weapon.

4.   If the prisoner deliberately killed the deceased under the impulse of anger, jealousy, hatred or revenge, created or incited by his belief or knowledge of the prior infidelity of the deceased, or any prior wrong doing of the deceased, such killing was not only without adequate provocation, but was wilful and malicious, and constituted the crime of murder of the first degree.

5.   The good character of an accused person, when proved, is to be taken in connection with all the other evidence in the case, and is to be given just such weight, under all the facts and circumstances of the case, as in the judgment of the jury it is entitled to.

<div align="center">

(*November 27*, 1906.)

</div>

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Richards*, Attorney-General, and *Daniel O. Hastings*, Deputy Attorney-General, for the State.

*David J. Reinhardt* and *Leonard E. Wales* for defendant.

At a Court of Oyer and Terminer for New Castle County, beginning Nov. 26, 1906, the defendant was tried on an indictment charging MURDER OF THE FIRST DEGREE.

SPRUANCE,. J., charging the jury,

Gentlemen of the jury:—The prisoner, Lewis Johns, is charged with the murder of Araminta Jones, commonly known as Minnie Jones, on the night of the seventeenth of July of the present year, on Pine Street near Klund in this city.

The uncontroverted testimony is, that upon the night in question, the prisoner made an assault upon the said Minnie Jones with a heavy iron stove leg, crushing her skull and inflicting wounds from which within an hour thereafter she died. It is not contended on behalf of the prisoner that the killing of the deceased was excusable or justifiable, or that the circumstances of the case warrant a verdict of manslaughter, but it is insisted on behalf of the prisoner that he is not guilty of murder in the first degree, but is guilty of murder in the second degree only. On the other hand it is insisted by the State that the crime of the prisoner is murder in the first degree. You will thus see that the scope of your inquiry will be limited to the determination of the degree of murder of which the prisoner should be found guilty. For the purpose of aiding you in this inquiry, it is necessary that we should explain to you what, un der the laws of this State, is murder in the first degree and murder in the second degree, and it is quite unnecessary for us to define or explain the crime of manslaughter or the circumstances under which the killing of one human being by another is excusable or justifiable.

Under our law the crime of murder is divided into murder of the first degree and murder of the second degree. Malice is an essential ingredient of the crime of murder of both degrees. Without malice there can be no murder of either degree. The term malice as here used is not restricted to hatred, spite or malevolence toward the particular person slain, but also includes that general malignity and reckless disregard of human

life which proceed from a heart void of a just sense of social duty and fatally bent on mischief. Wherever the fatal act is done deliberately, or without adequate cause, the law presumes that it was done with malice, and the burden is on the prisoner to show from the evidence, or by inference from the circumstances of the case, that the act was not done with malice.

Murder of the first degree is where the killing was done with express malice aforethought, or in perpetrating or attempting to perpetrate a crime punishable with death. Express malice aforethought is where one person kills another with a deliberate mind and formed design, which formed design may be manifested in many ways; as, for instance, by lying in wait for the deceased, or by former menaces or threats that disclose a purpose on the part of the accused to commit the act charged, or by a former grudge, ill-will, spite, hatred, or malevolence towards the deceased, or any other circumstances which disclose the purpose or intention of the accused toward his victim at the time when the crime was committed. The deliberate selection and use of a deadly weapon, by which is meant a weapon likely to produce death, is a circumstance which, in the absence of satisfactory evidence to the contrary, indicates the existence in the mind of the person committing the act, of a deliberate formed design to kill. All homicides with a deadly weapon are presumed to be malicious until the contrary appears from the evidence, and the burden of proof to the contrary lies on the accused. Where the killing by a deadly weapon is admitted or proved, malice aforethought is presumed, in the absence of proof to the contrary, and the burden of showing the contrary is on the accused, as the natural and probable consequences of the act are presumed by law to have been intended by the person using a deadly weapon. If the jury are satisfied from the evidence that the prisoner, when he killed the deceased, intended so to do, the length of time that said intention existed is immaterial, and the killing under such circumstances would be murder in the first degree.

Murder in the second degree is where the killing was done with implied malice. Implied malice is an inference or conclu-

sion of law from the facts found by the jury. Murder of the second degree is where there was no deliberate mind or formed design to take life, or to perpetrate a crime punishable with death, but where the killing was done without justification or excuse, and without provocation, or without sufficient provocation to reduce the offense to manslaughter.

If the prisoner deliberately killed the deceased under the impulse of anger, jealously, hatred or revenge, created or incited by his belief or knowledge of the prior infidelity of the deceased, or any prior wrong doing of the deceased, such killing was not only without adequate provocation, but was wilful and malicious, and constituted the crime of murder of the first degree.

The good character of an accused person, when proved, is to be taken in connection with all the other evidence in the case, and is to be given just such weight, under all the facts and circumstances of the case, as in the judgment of the jury it is entitled to.

In every criminal case the accused is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. If after carefully and conscientiously considering and weighing all the evidence in the case, you should entertain a reasonable doubt of the guilt of the prisoner, or a reasonable doubt as to the degree of his crime, such doubt should enure to the benefit of the accused. But such a doubt must not be a mere fanciful, vague or speculative doubt, but a reasonable, substantial doubt, remaining in your minds after a careful consideration of all the evidence, and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

Verdict, guilty.